IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

MIGUEL NICOLAS-FRANCISCO,

               Defendant.

**8:16CR296**

**ORDER**

      This matter is before the Court on the magistrate judge's[1] Findings and Recommendation and Order (Filing No. 25) recommending that Miguel Nicolas-Francisco's ("Nicolas-Francisco") Motion to Dismiss Indictment (Filing No. 21) pursuant to the Speedy Trial Act of 1974 (the "Speedy Trial Act"), 18 U.S.C. § 3161 *et seq.*, be granted with prejudice. The government objects (Filing No. 29) to the Findings and Recommendation, arguing (1) Nicolas-Francisco "failed to meet the standard for dismissal due to pre-indictment delay" and (2) "any dismissal should be without prejudice." Nicolas-Francisco has indicated he will not file a response.

      Section 3161(b) generally requires the government to file "an information or indictment charging an individual with the commission of an offense . . . within thirty days from the date on which such individual was arrested." The government's failure to comply with that time limit requires dismissal.[2] 18 U.S.C. § 3162(a)(1). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and

---

[1] The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

[2] The Fifth Amendment to the U.S. Constitution also protects a criminal defendant from unreasonable pre-indictment delay if the defendant can prove "(1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." *United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006) (quoting *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000)).

circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

Nicolas-Francisco was arrested for illegally reentering the United States on April 27, 2016. He was not indicted until October 18, 2016. In light of that considerable delay, the magistrate judge determined the Speedy Trial Act required dismissal. Based on the § 3162(a)(1) factors, the magistrate judge recommends that this Court grant Nicolas-Francisco's Motion to Dismiss with prejudice. The magistrate judge found the charged offense "is not a violent crime" and is not "so serious that it would prohibit" prejudicial dismissal. The magistrate judge based that conclusion in part on a preliminary United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") advisory range of eight to fourteen months imprisonment (level 10, category II).

The magistrate judge credited the government's explanation that "the case fell through the proverbial crack" but found the government's failure to indict until the sixth monthly session of the grand jury after arrest to be "grossly negligent." In considering the impact of reprosecution, the magistrate judge decided that dismissing without prejudice "would not serve a deterrent effect in this matter."

The government concedes it clearly violated the Speedy Trial Act but contends the magistrate judge "improperly evaluated factors appropriate for determination as to whether or not the case should be dismissed." First, the government argues the magistrate judge "failed to include in his guidelines calculation a 16-level increase under Section 12.1.2 of the sentencing guidelines for Alien Smuggling" or at least an "8 level increase for the prior conviction of aggravated felony." According to the government, Nicolas-Francisco would face a range of either 41-51 months or 15-21 months in prison, making his offense much more serious than the magistrate judge understood. The government also contends the indictment delay is less significant because Nicolas-Francisco was subject to an immigration detainer and would have been detained anyway.

2

Turning to the second factor, the government maintains the delay was inadvertent, not intentional or an attempt to gain a strategic advantage. The government also faults Nicolas-Francisco for not notifying the government sooner that it was violating his speedy trial rights. Finally, the government asserts Nicolas-Francisco's Motion to Dismiss should "be denied under a Fifth Amendment Due Process Clause analysis" because he has not alleged any prejudice. The government's arguments are unpersuasive.

The government's newly proposed Guidelines calculations could, if accurate, affect the analysis of the seriousness of the charge Nicolas-Francisco faces. But a recommended sentencing range under the advisory Guidelines is not determinative of the seriousness factor and the government's proposed calculations in this case are far from concrete.[3] Even assuming a higher advisory Guidelines range applies, the Court does not agree with the government that the immigration charge Nicolas-Francisco faces is so serious that it necessarily requires non-prejudicial dismissal under the circumstances of this case. Moreover, the government has not explained why it was unable to provide the information upon which it now relies to the magistrate judge either in the government's written opposition to dismissal or at the hearing on November 10, 2016. Although the government briefly mentioned the potential for a higher offense level at the hearing, the government's analysis was far different then. In its response to the Motion to Dismiss, the government indicated Nicolas-Francisco's aggravated-felony conviction subjected him to an advisory Guidelines range of "12-18 months after acceptance of responsibility."

Next, while the Court—like the magistrate judge—accepts the government's explanation that the delay was inadvertent, the government does not even attempt to address the magistrate judge's conclusion that non-prejudicial dismissal would not have the needed deterrent effect where the government—even if unintentionally—missed not

---

[3]The Court presumes the government's reference to "a 16-level increase under Section 12.1.2 of the sentencing guidelines for Alien Smuggling" in its brief refers to U.S.S.G. § 2L1.2.

one, but five sessions of the grand jury while Nicolas-Francisco was detained. The courts have an interest in deterring egregious violations of the Speedy Trial Act whether those violations are the result of an improper motive or gross negligence—as the magistrate judge aptly found here.

Finally, the government's due-process analysis is inapposite. As the magistrate judge noted at the hearing, Nicolas-Francisco's Motion is not based on due process, rather he alleges a violation of the Speedy Trial Act. *See* 18 U.S.C. § 3161(b). Based on the foregoing,

IT IS ORDERED:
1. The government's objection (Filing No. 29) to the Findings and Recommendation is OVERRULED.
2. The magistrate judge's Findings and Recommendation (Filing No. 25) are ACCEPTED.
3. Miguel Nicolas-Francisco's Motion to Dismiss the Indictment (Filing No. 21) with prejudice is GRANTED.
4. This case is DISMISSED with prejudice.

Dated this 29th day of November, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge